FILED

APR 2 4 2009

DENNIS P IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Respondent, | CR. DOCKET # 7:07-cr-00136-F1 |
| | CIVIL NO.: _____ |
| vs. | |
| NOE MOLINA-BENITEZ, | |
| Petitioner. | |

MEMORANDUM IN SUPPORT OF
MOTION TO VACATE, CORRECT, OR SET ASIDE MOTION

COMES NOW Noe Molina-Benitez, pro se Defendant in the above-cited and numbered cause and presents this Memorandum in Support (of attached) Motion to Vacate, Correct, or Set Aside.

Molina-Benitez received ineffective assistance of counsel. Failure to file a requested notice of appeal is constitutionally ineffective assistance of counsel (See, United States v. Peak. 992 F.2d 39 (4th Cir. 1993)).

"Persons convicted in federal district courts have a right to a direct appeal. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). It obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. Anders v. California, 386 U.S. 738,

87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)."

Immediately after sentencing, Molina-Benitez wrote to defense counsel Jonathan Mark Herring, specifically requesting that he file notice of appeal on his behalf. Mr. Herring did not condescend to speak to with his client after he was sentenced. Mr. Herring did not visit his client after he was sentenced. Instead, Mr. Herring subsequently claimed that he was never directed by Molina-Benitez to file Notice of Appeal in his case.

On May 14, 2008, Molina-Benitez was sentenced to serve 150 months in the custody of the Attorney General of the United States. Since that time he has written to Mr. Herring on numerous occasions, maintaining at all times his claim that he now reiterates to the Court--that he did indeed request that Notice of Appeal be filed by Mr. Herring on his behalf (see Exhibit 1--copies of letters to Mr. Herring from Mr. Molina-Benitez).

In a letter to Mr. Herring dated August 27, 2008, Mr. Molina-Benitez said he was "specting (sic) between 70 to 77 months..." He was sentenced to 150 months, so therefore it was reasonable of him (Molina-Benitez) to wish to appeal that sentence that was more than twice the length of the one he expected to receive.

In United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007), this appeals court noted that the Supreme Court in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), "opined that, in certain circumstances, an attorney is constitutionally required to 'consult' with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes." Id. at 478, 120 S.Ct. 1029. The

Court stated that an attorney must consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or; (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing. Id. at 480, 120 S.Ct. 1029. In assessing whether an attorney had a constitutional duty to consult, the Court indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. Id. In cases involving guilty pleas the Court instructed lower courts to consider whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights." Id.

Molina-Benitez expected a sentence that was less than half than received.

The holding of the appeals court in Poindexter (492 F.3d 263 (4th Cir. 2007)) requries that an attorney file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests.

Based on the preceding, Molina-Benitez received ineffective assistance of counsel, and at a minimum should receive an evidentiary hearing to determine whether he unequivocally instructed his attorney to file a notice of appeal. If Mr. Herring was so instructed, then Mr. Molina-Benitez should be allowed a direct appeal. If not, then the district court will have to determine (as dictated by Poindexter) if Mr. Molina-Benitez met his burden by showing that: (1) Mr. Herring had a duty to consult with him under Flores-Ortega, supra; (2) Mr. Herring failed to fulfill his consultation obligations; and (3) he was prejudiced by

attorney's failure to fulfill these obligations.

Respectfully Submitted

*Noe molinaBeniTez*
Noe Molina-Benitez
Reg. No. 70289-056
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

## CERTIFICATE OF SERVICE

I, Noe Molina-Benitez, do hereby certify that on this _____ day of April, 2009, that a true and correct copy of the foregoing Memorandum of Law and Motion to Vacate, Correct or Set Aside Sentence under U.S.C.A. § 2255 was sent via pre-paid, first-class U.S. mail to:

United States Attorney
316 Princess Street, Suite 543
Wilmington, NC 28401

*noe molina Benitez*
Noe Molina-Benitez

# APPENDIX

Noe Molina Benitez
Reg. No. 70289-056
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

August 27, 2008

White T. Allen P.A.
Attorney at law
PO Box 3169
Kinston, North Carolina 28502-3169

Re.: U.S. v. Noe Molina Benitez

Dear J. Mark Herring:

I am writing you this letter to inquire *why you* abandon me after sentence on May 2008. I wanted to appeal my sentence and because of your failure to visit me at jail, I couldn't talk to you. Why you didn't advised me that I can appeal my sentence.

I heard at sentencing when judge told me that I can appeal. You know that the sentence was not what you and me had discussed when you asked me to plead guilty. I was specting between 70 to 77 months, accordingly with my prior criminal history, but the judge went to high. I will like that you can explain why you abandon me. And I reiterate that I want to appeal that sentence.

Thank you for your attention,

Respectfully submitted,

*noe m BeniTez*
Noe Molina Benitez
70289-056

# White & Allen, P.A.

**ATTORNEYS AT LAW**
P.O. Box 3169
Kinston, NC 28502

JOHN C ARCHIE
RICHARD J ARCHIE
JOHN C BIRCHER III
JOSEPH S. BOWER
DELAINA D BOYD
DAVID J FILIPPELI, JR
GREGORY E. FLOYD
SHERWOOD C HENDERSON
✓ J. MARK HERRING
C GRAY JOHNSEY
E. WYLES JOHNSON, JR
WILLIAM E MANNING JR
JOHN P MARSHALL
MATTHEW S SULLIVAN
THOMAS J WHITE. III

106 S. McLewean Street
Telephone 252 527 8000
Telecopier 252 527 8128
www.whiteandallen.com

THOMAS J WHITE JR
(1903-1991)
JAMES A. HODGES, JR
(1937-1992)
WM. A ALLEN, JR
(1920-2001)

September 11, 2008

Noe Molina Benitez – 70289-056
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

Dear Noe:

I am in receipt of your letter dated August 27, 2008. I am very surprised over your allegation that I have abandoned you. I sent you a letter on August 12, 2008 informing you that I have asked the agents and the prosecutor in your case to interview you again due to the information you have informed me that you have.

I want you to be very aware and clear about your situation. First of all, the deadline to file an appeal has expired. You never instructed me to file an appeal in your case. I had no idea you wanted me to file an appeal. The sentence given to you by Judge Fox was within the applicable guideline range and I NEVER promised you any particular sentence.

You must understand, if you pursue any appeal at this point, even though it is too late to do it, you will lose all chances of the government working with you to reduce your sentence further for any new information you may have. The prosecutor in your case has asked me to write you and ask that you inform me in writing of all the information you have so that they may determine if they want to interview you or not. There are no guarantees that they will.

As I explained to you before, the chance to come back for a decrease in your sentence for cooperating is totally up to the prosecutor, not me. I never promised that this would happen. If you want to attempt to cooperate further you must provide me with the information you possess in writing and I will forward it to the prosecutor. If you do not want to provide the information and simply want to attempt to appeal your case, let me know that as well. Again, it is too late to file an appeal and you never directed me to do

KINSTON • NEW BERN • SNOW HILL

this. However, if it is your intention to pursue an appeal then I will determine if one can be filed on your behalf late and I will proceed accordingly. If you want to attempt to continue cooperating, please send me the requested information immediately.

With kindest regards, we remain,

WHITE & ALLEN, P.A.

By: _____
J. Mark Herring, Attorney

Oct. 18, 2008

WHITE & ALLEN, P.A.
J. MARK HERRING
P.O. BOX 3169
KINSTON, NC 28502

RE: USA V. NOE MOLINA-BENITEZ
CASE NO. 7:07-CR-136-1F

DEAR MR. HERRING:

I AM IN RECEIPT OF YOUR LETTER DATED SEPT 11, 2008, IN RESPONSE OF MY LETTER DATED AUGUST 27, 2008. MR. HERRING, AS YOU ARE WELL AWARE, AFTER MY SENTENCE, I WROTE YOU ASKING TO VISIT ME REGARDING MY APPEAL, BUT YOU IGNORED SUCH REQUEST.

MR. HERRING, UNFORTUNATELY, YOU INSIST THAT I'VE NEVER DIRECTED YOU TO APPEAL IN MY CASE. YOU MAY RECALL THAT Y REQUESTED YOU TO APPEAL BY MAIL BECAUSE, WAS IMPOSSIBLE FOR ME TO DO PERSONALLY IN THE COURT, BECAUSE THE U.S. MARSHALLS IMMEDIATELY HANDCUFFED ME AFTER MY SENTENCE AND RETRIEVED ME FROM THE COURT.

MR. HERRING, BECAUSE YOU ARE THE LAST PERSON IN POSSESSION AND THAT USED MY LEGAL PAPERS THAT THE U.S. CITIZENS PAID FOR ME, AS WELL AS YOUR REPRESENTATION IN THE CASE, I'M REQUESTING YOU PLEASE SEND ME THE FOLLOW DOCUMENTS:

1) INDICTMENT
2)

3) PLEA AGREEMENT THAT YOU BARGAINED WITH THE GOV.
4) PSR OBJECTIONS / MEMORANDUM FOR SENTENCING (IF ANY).

MR. HERRING, AS YOU ARE WELL AWARE, I AM IN NEED OF THESE DOCUMENTS FOR MY PERSONAL REVIEW AND TO PREPARE MY PRO SE POST-CONVICTION MOTION. FURTHER, WITHOUT THESE DOCUMENTS I'LL BE LEFT IN DISADVANTAGE.

MR. HERRING, I THANK YOU IN ADVANCE FOR YOUR TIME AND ASSISTANCE IN THE ABOVE MATTER. I'LL BE AWAITING FOR YOUR KIND AND PROMPT RESPONSE. GOD MAY BLESS YOU.

SINCERELY,

*noe M Benitez*
NOE MOLINA-BENITEZ
REG. NO. 70289-056
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

CC: FILE

# White&Allen, P.A.

## ATTORNEYS AT LAW
P.O. Box 3169
Kinston, NC 28502

JOHN C ARCHIE
RICHARD J. ARCHIE
JOHN C BIRCHER III
JOSEPH S BOWER
DELAINA D. BOYD
DAVID J. FILLIPPELI, JR
GREGORY E. FLOYD
SHERWOOD C. HENDERSON
J MARK HERRING
C. GRAY JOHNSEY
E. WYLES JOHNSON, JR
WILLIAM E MANNING, JR.
JOHN P. MARSHALL
MATTHEW S SULLIVAN
THOMAS J. WHITE, III

106 S. McLewean Street
Telephone 252 527.8000
Telecopier 252 527 8128
www.whiteandallen.com

THOMAS J. WHITE, JR.
(1903-1991)
JAMES A HODGES, JR
(1937-1992)
WM A ALLEN JR.
(1920-2001)

December 2, 2008

Noe Molina Benitez – 70289-056
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

Dear Noe:

I am in receipt of your letter dated October 18, 2008. I adamantly deny your claims that I failed to represent you in an effective manner. Your last letter asked that I provide you with the contact information for the AUSA handling your case so you could inform him of certain information you may have. Also, you wanted to pursue the option of providing substantial assistance so that the government may consider filing a motion to reduce your sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. As you know, I offered to relay any information you may have to the AUSA on your behalf; however, you insisted you communicate with him directly.

Based upon this communication to me, I am somewhat confused as to why you have now changed your position and are choosing to attack me. Despite your decision, I will continue to do whatever I may be able to assist you in this matter. I am enclosing the documents you requested in your October 18, 2008 letter. I wish you the best with your future pursuits.

With kindest regards, we remain,

WHITE & ALLEN, P.A.

By: _____
J. Mark Herring, Attorney

Enc.

KINSTON • NEW BERN • SNOW HILL

this. However, if it is your intention to pursue an appeal then I will determine if one can be filed on your behalf late and I will proceed accordingly. If you want to attempt to continue cooperating, please send me the requested information immediately.

With kindest regards, we remain,

WHITE & ALLEN, P.A.

By: _____
J. Mark Herring, Attorney

Oct. 18, 2008

WHITE & ALLEN, P.A.
J. MARK HERRING
P.O. BOX 3169
KINSTON, NC 28502

RE: USA V. NOE MOLINA-BENITEZ
CASE NO. 7:07-CR-136-1F

DEAR MR. HERRING:

I AM IN RECEIPT OF YOUR LETTER DATED SEPT 11, 2008, IN RESPONSE OF MY LETTER DATED AUGUST 27, 2008. MR. HERRING, AS YOU ARE WELL AWARE, AFTER MY SENTENCE, I WROTE YOU ASKING TO VISIT ME REGARDING MY APPEAL, BUT YOU IGNORED SUCH REQUEST

MR. HERRING, UNFORTUNATELY, YOU INSIST THAT I'VE NEVER DIRECTED YOU TO APPEAL IN MY CASE. YOU MAY RECALL THAT Y REQUESTED YOU TO APPEAL BY MAIL BECAUSE, WAS IMPOSSIBLE FOR ME TO DO PERSONALLY IN THE COURT, BECAUSE THE U.S. MARSHALLS IMMEDIA-TELY HANDCUFFED ME AFTER MY SENTENCE AND RETRIEVED ME FROM THE COURT.

MR. HERRING, BECAUSE YOU ARE THE LAST PERSON IN POSSESSION AND THAT USED MY LEGAL PAPERS THAT THE U.S. CITIZENS PAID FOR ME, AS WELL AS YOUR REPRESENTATION IN THE CASE, I'M REQUESTING YOU PLEASE SEND ME THE FOLLOW DOCUMENTS:

1) INDICTMENT
2) DEA LAB DRUG ANALYSIS

3) PLEA AGREEMENT THAT YOU BARGAINED WITH THE GOV.
4) PSR OBJECTIONS/MEMORANDUM FOR SENTENCING (IF ANY).

MR. HERRING, AS YOU ARE WELL AWARE, I AM IN NEED OF THESE DOCUMENTS FOR MY PERSONAL REVIEW AND TO PREPARE MY PRO SE POST-CONVICTION MOTION. FURTHER, WITHOUT THESE DOCUMENTS I'LL BE LEFT IN DISADVANTAGE.

MR. HERRING, I THANK YOU IN ADVANCE FOR YOUR TIME AND ASSISTANCE IN THE ABOVE MATTER. I'LL BE AWAITING FOR YOUR KIND AND PROMPT RESPONSE. GOD MAY BLESS YOU.

SINCERELY,

NOE M BENITEZ
NOE MOLINA-BENITEZ
REG. NO. 70289-056
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

CC: FILE

# White&Allen, P.A.

### ATTORNEYS AT LAW
P.O. Box 3169
Kinston, NC 28502

JOHN C. ARCHIE
RICHARD J. ARCHIE
JOHN C. BIRCHER III
JOSEPH S. BOWER
DELAINA D BOYD
DAVID J FILLIPPELI, JR
GREGORY E. FLOYD
SHERWOOD C HENDERSON
J. MARK HERRING
C. GRAY JOHNSEY
E. WYLES JOHNSON, JR.
WILLIAM E. MANNING, JR.
JOHN P. MARSHALL
MATTHEW S. SULLIVAN
THOMAS J WHITE, III

106 S McLewean Street
Telephone 252 527 8000
Telecopier 252 527.8128
www whiteandallen.com

THOMAS J WHITE, JR
(1903-1991)
JAMES A. HODGES, JR.
(1937-1992)
WM A. ALLEN, JR.
(1920-2001)

December 2, 2008

Noe Molina Benitez – 70289-056
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

Dear Noe:

I am in receipt of your letter dated October 18, 2008. I adamantly deny your claims that I failed to represent you in an effective manner. Your last letter asked that I provide you with the contact information for the AUSA handling your case so you could inform him of certain information you may have. Also, you wanted to pursue the option of providing substantial assistance so that the government may consider filing a motion to reduce your sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. As you know, I offered to relay any information you may have to the AUSA on your behalf; however, you insisted you communicate with him directly.

Based upon this communication to me, I am somewhat confused as to why you have now changed your position and are choosing to attack me. Despite your decision, I will continue to do whatever I may be able to assist you in this matter. I am enclosing the documents you requested in your October 18, 2008 letter. I wish you the best with your future pursuits.

With kindest regards, we remain,

WHITE & ALLEN, P.A.

By: _____
J. Mark Herring, Attorney

Enc.

KINSTON • NEW BERN • SNOW HILL