```
                UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                      SOUTHERN DIVISION

                   NO.:  7:07-CR-136-F


UNITED STATES OF AMERICA    .
                            .
     v.                     .
                            .    May 14, 2008
NOE MOLINA BENITEZ,         .    Wilmington, NC
                            .
           DEFENDANT        .
. . . . . . . . . . . . . . . .

                         SENTENCING
             BEFORE THE HONORABLE JAMES C. FOX
            SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:   TIMOTHY M. SEVERO,
                      ASSISTANT UNITED STATES ATTORNEY
                      310 NEW BERN AVENUE
                      SUITE 800, FEDERAL BUILDING
                      RALEIGH, NORTH CAROLINA 27601-1461




For the Defendant:    JONATHAN M. HERRING, ESQUIRE
                      WHITE & ALLEN, P.A.
                      POST OFFICE BOX 3169
                      KINSTON, NC 28502-3169




Court Reporter:       STACY SCHWINN, CCR, CVR
                      P.O. BOX 1611
                      WILMINGTON, NC 28402
                      (910) 431-4502



Proceedings recorded by stenomask, transcript produced from
dictation.
```

```
 1              P R O C E E D I N G S           9:03 A.M.
 2              (DEFENDANT PRESENT.)
 3              (DEFENDANT REQUIRES SERVICES OF AN INTERPRETER.)
 4              ROY STAWSKY, INTERPRETER, SWORN
 5              (CALENDAR CALL NOT TRANSCRIBED.)
 6       (OTHER MATTERS TAKEN UP FROM 9:07 A.M., UNTIL 9:34 A.M.)
 7              THE COURT:  OUR NEXT CASE IS NOE MOLINA BENITEZ.
 8              NOE MOLINA BENITEZ, DEFENDANT, SWORN
 9              THE COURT:  MR. BENITEZ, HAVE YOU RECEIVED A COPY OF
10   THE PRESENTENCE REPORT?
11              DEFENDANT:  YES.
12              THE COURT:  HAVE YOU READ IT OR HAS IT BEEN READ TO
13   YOU?
14              DEFENDANT:  NOT ALL OF IT.
15              THE COURT:  I'M SORRY?
16              DEFENDANT:  ONLY HALF OF IT.
17              THE COURT:  ALL RIGHT.  I WILL CONTINUE THIS MATTER
18   UNTIL YOU READ IT TO HIM AND HE UNDERSTANDS IT.  WE'LL TAKE
19   THIS MATTER UP LATER THIS MORNING.
20              MR. HERRING:  YES, SIR, YOUR HONOR.
21      (OTHER MATTERS TAKEN UP FROM 9:35 A.M., UNTIL 10:20 A.M.)
22              (DEFENDANT PRESENT.)
23              THE COURT:  ALL RIGHT.  WE'LL GO BACK TO MR.
24   BENITEZ.  NOW, MR. BENITEZ, YOU'RE STILL UNDER OATH.  HAVE YOU
25   READ THE PRESENTENCE REPORT OR HAS IT BEEN READ TO YOU?
```

May 14, 2008

1 DEFENDANT: YES.

2 THE COURT: HAVE YOU DISCUSSED THE MATTER WITH YOUR
3 COUNSEL?

4 DEFENDANT: YES.

5 THE COURT: DID THE GOVERNMENT PROMISE TO MAKE KNOWN
6 THIS DEFENDANT'S ASSISTANCE, IF ANY, MR. SEVERO?

7 MR. SEVERO: IT DID, YOUR HONOR. HE WAS DEBRIEFED,
8 BUT IT DID NOT RISE TO A LEVEL WHERE WE COULD FILE A 5K.

9 THE COURT: HAS THE GOVERNMENT MADE ANY PROMISE TO
10 THE DEFENDANT OR HIS COUNSEL THAT HIS FUTURE COOPERATION WILL
11 RESULT IN A RULE 35B MOTION?

12 MR. SEVERO: NO, YOUR HONOR.

13 THE COURT: MR. BENITEZ, DO YOU UNDERSTAND, OR,
14 RATHER, MR. HERRING, HAVE YOU ADVISED YOUR CLIENT -- I'M
15 SORRY. HAVE YOU ADVISED YOUR CLIENT THAT IN MOST
16 CIRCUMSTANCES THE GOVERNMENT IS LIMITED TO ONE YEAR WITHIN
17 WHICH TO MOVE FOR A REDUCTION IN HIS SENTENCE PURSUANT TO RULE
18 35B?

19 MR. HERRING: YES, SIR.

20 THE COURT: MR. BENITEZ, DO YOU UNDERSTAND THE
21 GOVERNMENT IS NOT REQUIRED TO RETURN TO COURT WILL A RULE 35B
22 MOTION TO SEEK A REDUCTION IN YOUR SENTENCE AND THAT IT IS
23 COMPLETELY WITHIN THE GOVERNMENT'S DISCRETION WHETHER OR NOT
24 TO DO SO; DO YOU UNDERSTAND THAT?

25 DEFENDANT: YES.

May 14, 2008

```
 1        THE COURT:  DO YOU ALSO UNDERSTAND THAT IF THE
 2  GOVERNMENT DECIDES NOT TO MAKE A RULE 35B MOTION ON YOUR
 3  BEHALF THAT YOU ARE NOT ENTITLED TO RELIEF FROM THIS COURT?
 4        DEFENDANT:  YES.
 5        THE COURT:  LET'S SEE.  THERE WERE OBJECTIONS.
 6        MR. HERRING:  YOUR HONOR, WE FILED TWO OBJECTIONS.
 7  HOWEVER, WE WOULD WITHDRAW THOSE AND DO NOT WISH TO BE HEARD.
 8        THE COURT:  ALL RIGHT, SIR.  I'LL BE GLAD TO HEAR
 9  WHAT YOU HAVE TO SAY ON HIS BEHALF.
10        MR. HERRING:  YES, SIR.  YOUR HONOR, MY CLIENT IS 45
11  YEARS OLD.  HE'S MARRIED.  HE HAS EIGHT CHILDREN THAT RESIDE
12  IN SEVEN SPRINGS OVER IN WAYNE COUNTY.  HE'S BEEN A FARM
13  WORKER EVER SINCE HE'S BEEN HERE IN NORTH CAROLINA.
14        YOUR HONOR, WHEN HIS DRUG ACTIVITY BEGAN, AS I SAID,
15  HE HAS A BIG FAMILY, AND ALSO HE DEVELOPED A FEW HEALTH
16  PROBLEMS, INCLUDING HIGH BLOOD PRESSURE AND STOMACH ULCERS,
17  AND HE HAD TO BUY PRESCRIPTION MEDICATIONS WHICH HE HAD NO
18  INSURANCE AND COULD NOT AFFORD.  SO, HE MADE THE VERY POOR
19  DECISION TO TURN TO SELLING DRUGS AND THAT'S WHY HE'S HERE
20  TODAY.
21        I BELIEVE HE IS VERY SORRY FOR WHAT HE HAS DONE AND
22  HE DOES WISH TO ADDRESS THE COURT AT THE APPROPRIATE TIME
23  ABOUT THAT, YOUR HONOR.
24        YOUR HONOR, HE ONLY MADE IT THROUGH THE FIRST GRADE
25  IN MEXICO.  GREW UP IN VERY POVERTY-RIDDEN CONDITIONS.  NO
```

May 14, 2008

1 RUNNING WATER. NO ELECTRICITY. AND MADE THE DECISION TO TRY
2 TO COME TO THE UNITED STATES AND BETTER HIS LIFE, WHICH HE HAS
3 DONE TO A DEGREE. HOWEVER, UNFORTUNATELY, HE'S TURNED TO
4 DRUGS AND WOUND UP HERE.
5     YOUR HONOR, HE'S FACING UNDER THE GUIDELINES
6 ANYWHERE FROM 135 TO 168 MONTHS, WHICH IS APPROXIMATELY 11 TO
7 14 YEARS.
8     YOUR HONOR, AS MR. SEVERO STATED, HE TRIED TO
9 COOPERATE AND PROVIDE INFORMATION. HE UNDERSTANDS THAT DID
10 NOT RISE TO THE LEVEL OF A 5K. HOWEVER, I JUST WANT THE COURT
11 TO KNOW THAT HE DID TRY TO HELP HIMSELF AND THE GOVERNMENT.
12     YOUR HONOR, WE WOULD ASK YOU TO CONSIDER SENTENCING
13 MY CLIENT AT THE LOW RANGE, 135 MONTHS. WE THINK THAT AN 11
14 YEAR SENTENCE WOULD STILL COMPLY WITH THE CONDITIONS OF TITLE
15 18 3553 AND WOULD BE SUFFICIENT, BUT NOT GREATER THAN
16 NECESSARY TO MEET THOSE REQUIREMENTS, AND WOULD ASK YOU TO
17 CONSIDER THE LOW RANGE OF THE GUIDELINES, YOUR HONOR.
18     THE COURT: MR. BENITEZ, DO YOU HAVE ANY OBJECTIONS
19 TO ANYTHING IN THE PRESENTENCE REPORT?
20     DEFENDANT: WHAT DO YOU MEAN?
21     THE COURT: DO YOU HAVE ANY OBJECTIONS TO ANYTHING
22 THAT'S CONTAINED IN THE PRESENTENCE REPORT?
23     DEFENDANT: NO.
24     THE COURT: IS THERE ANYTHING YOU WOULD LIKE TO SAY
25 TO THE COURT BEFORE THE COURT IMPOSES SENTENCE?

May 14, 2008

1        DEFENDANT: I JUST WANT TO APOLOGIZE. I NEEDED TO
2 BUY MEDICINE BECAUSE THE MONEY THAT I WAS MAKING WORKING THE
3 FIELDS IT WASN'T ENOUGH FOR EVERYTHING.
4        THE COURT: MR. SEVERO, ANYTHING YOU WANT TO ADD?
5        MR. SEVERO: YOUR HONOR, JUST THAT I THINK THE COURT
6 HAS READ IT, BUT JUST THE FACT THAT THERE ARE CHILDREN PRESENT
7 AT SOME OF THESE DEALS AND THAT PATTERN SEEMS TO HAVE REPEATED
8 ITSELF IN THE PAST, BUT I KNOW YOU'VE REVIEWED THAT, BUT
9 CERTAINLY I THINK THAT'S TROUBLING TO EVERYONE.
10       THE COURT: THANK YOU. THE COURT FINDS THE BASIS
11 FOR THE FINDINGS CONTAINED IN THE PRESENTENCE REPORT CREDIBLE
12 AND RELIABLE AND, THEREFORE, THE COURT ADOPTS THOSE FINDINGS.
13       I'M SORRY. LET'S SEE. IT'S AN OFFENSE LEVEL OF 31,
14 CRIMINAL HISTORY CATEGORY A III, CUSTODY RANGE OF 135 TO 168
15 MONTHS, SUPERVISED RELEASE RANGE OF FOUR TO FIVE YEARS, FINE
16 RANGE OF 15,000 TO FOUR MILLION, RESTITUTION IN THE AMOUNT OF
17 $4,000 WOULD BE APPROPRIATE AND HE'S SUBJECT TO AN AGGREGATE
18 SPECIAL ASSESSMENT OF $200.
19       THE COURT FINDS THE BASIS FOR THE FINDINGS CONTAINED
20 IN THE PRESENTENCE REPORT CREDIBLE AND RELIABLE AND,
21 THEREFORE, THE COURT ADOPTS THOSE FINDINGS.
22       BASED ON THOSE FINDINGS, THE COURT HAS CALCULATED
23 THE IMPRISONMENT RANGE PRESCRIBED BY THE ADVISORY SENTENCING
24 GUIDELINES AND HAS CONSIDERED THAT RANGE AS WELL AS OTHER
25 RELEVANT FACTORS SET FORTH IN THE GUIDELINES AND THOSE SET

May 14, 2008

```
 1  FORTH IN 18 UNITED STATES CODE SECTION 3553(a).
 2            PURSUANT TO THE SENTENCING REFORM ACT OF 1984, IT IS
 3  THE JUDGEMENT OF THE COURT THAT THE DEFENDANT IS HEREBY
 4  COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS TO BE
 5  IMPRISONED FOR A TERM OF 150 MONTHS ON EACH COUNT TO BE SERVED
 6  CONCURRENTLY.
 7            PURSUANT TO THE PLEA AGREEMENT, COUNTS THREE AND
 8  FOUR ARE HEREBY DISMISSED.
 9            UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT SHALL
10  BE PLACED ON SUPERVISED RELEASE FOR A TERM OF FOUR YEARS.
11  THIS TERM CONSISTS OF A TERM OF FOUR YEARS ON COUNTS ONE AND
12  TWO.  ALL SUCH TERMS TO RUN CONCURRENTLY.
13            WITHIN 72 HOURS OF RELEASE FROM THE CUSTODY OF THE
14  BUREAU OF PRISONS, THE DEFENDANT SHALL REPORT IN PERSON TO THE
15  PROBATION OFFICE IN THE DISTRICT TO WHICH HE IS RELEASED.
16            WHILE ON SUPERVISED RELEASE, THE DEFENDANT SHALL NOT
17  COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME, AND SHALL NOT
18  ILLEGALLY POSSESS A CONTROLLED SUBSTANCE.  THE DEFENDANT SHALL
19  NOT POSSESS A FIREARM OR DESTRUCTIVE DEVICE.
20            FURTHER, THE DEFENDANT SHALL COMPLY WITH THE
21  STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT AND
22  SHALL COMPLY WITH THE FOLLOWING ADDITIONAL CONDITIONS; UPON
23  COMPLETION OF THE TERM OF IMPRISONMENT, THE DEFENDANT IS TO BE
24  SURRENDERED TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR
25  DEPORTATION IN ACCORDANCE WITH ESTABLISHED PROCEDURES AS
```

May 14, 2008

1  PROVIDED BY THE IMMIGRATION AND NATURALIZATION ACT.
2              AS A FURTHER CONDITION OF SUPERVISED RELEASE IF
3  ORDERED DEPORTED, THE DEFENDANT SHALL REMAIN OUTSIDE OF THE
4  UNITED STATES.
5              THE DEFENDANT SHALL PARTICIPATE IN A PROGRAM
6  APPROVED BY THE PROBATION OFFICE FOR THE TREATMENT OF NARCOTIC
7  ADDICTION, DRUG DEPENDENCY, OR ALCOHOL DEPENDENCY, WHICH WILL
8  INCLUDE URINALYSIS TESTING OR OTHER DRUG DETECTION MEASURES
9  AND WHICH MAY REQUIRE A RESIDENCE OR PARTICIPATION IN A
10 RESIDENTIAL TREATMENT FACILITY.
11             HE SHALL CONSENT TO A WARRANTLESS SEARCH BY A UNITED
12 STATES PROBATION OFFICER OR AT THE REQUEST OF SUCH OFFICER OR
13 ANY OTHER LAW ENFORCEMENT OFFICER OF HIS PERSON AND PREMISES
14 INCLUDING ANY VEHICLE TO DETERMINE COMPLIANCE WITH THE
15 CONDITIONS OF THIS JUDGEMENT.
16             HE SHALL COOPERATE IN THE COLLECTION OF DNA AS
17 DIRECTED BY THE PROBATION OFFICER.
18             IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL PAY
19 TO THE UNITED STATES A SPECIAL ASSESSMENT OF $200, WHICH SHALL
20 BE DUE IMMEDIATELY.
21             IT IS FURTHER ORDERED THAT THE DEFENDANT MAKE
22 RESTITUTION TO THE NORTH CAROLINA STATE BUREAU OF
23 INVESTIGATION IN THE AMOUNT OF $4,000.  THE COURT FINDS THE
24 DEFENDANT IS WITHOUT THE ABILITY TO PAY INTEREST SO INTEREST
25 IS, THEREFORE, WAIVED.

May 14, 2008

1    THE COURT FINDS THE DEFENDANT DOES NOT HAVE THE
2 ABILITY TO PAY A FINE IN ADDITION TO PAYING RESTITUTION AND
3 PROVIDING FINANCIAL SUPPORT TO HIS DEPENDENTS.  THEREFORE, NO
4 FINE IS IMPOSED.
5    PAYMENT OF RESTITUTION SHALL BE DUE AND PAYABLE IN
6 FULL IMMEDIATELY.  HOWEVER, IF THE DEFENDANT IS UNABLE TO PAY
7 IN FULL IMMEDIATELY, THE SPECIAL ASSESSMENT AND RESTITUTION
8 MAY BE PAID THROUGH THE INMATE FINANCIAL RESPONSIBILITY
9 PROGRAM.
10    THE COURT HAVING CONSIDERED THE DEFENDANT'S
11 FINANCIAL RESOURCES AND ABILITY TO PAY, ORDERS THAT ANY
12 BALANCE STILL OWING AT THE TIME OF RELEASE SHALL BE PAID IN
13 INSTALLMENTS OF $50 PER MONTH TO BEGIN 60 DAYS AFTER THE
14 DEFENDANT'S RELEASE FROM PRISON.
15    AT THE TIME OF THE DEFENDANT'S RELEASE, HIS
16 PROBATION OFFICER SHALL -- THE PROBATION OFFICER SHALL TAKE
17 INTO CONSIDERATION THE DEFENDANT'S ABILITY TO PAY THE
18 RESTITUTION ORDERED AND SHALL NOTIFY THE COURT OF ANY NEEDED
19 MODIFICATION OF THE PAYMENT SCHEDULE.
20    DENIAL OF FEDERAL BENEFITS IS NOT APPLICABLE IN VIEW
21 OF THE DEFENDANT'S COOPERATION.
22    THE COURT HAS IMPOSED A SENTENCE AT MID-RANGE AS
23 THERE IS NO MITIGATING OR AGGRAVATING CIRCUMSTANCES DICTATING
24 A CHANGE THEREIN.
25    MR. BENITEZ, YOU CAN APPEAL YOUR CONVICTION IF YOU

May 14, 2008

1 BELIEVE THAT YOUR GUILTY PLEA WAS SOMEHOW UNLAWFUL OR
2 INVOLUNTARY OR IF THERE WAS SOME OTHER FUNDAMENTAL DEFECT IN
3 THE PROCEEDINGS THAT WAS NOT WAIVED BY YOUR GUILTY PLEA.
4      YOU ALSO HAVE A STATUTORY RIGHT TO APPEAL YOUR
5 SENTENCE UNDER CERTAIN CIRCUMSTANCES, PARTICULARLY IF YOU
6 THINK THE SENTENCE IS CONTRARY TO LAW.
7      HOWEVER, A DEFENDANT MAY WAIVE THOSE RIGHTS AS PART
8 OF A PLEA AGREEMENT AND YOU HAVE ENTERED INTO A PLEA AGREEMENT
9 WHICH WAIVES SOME OR ALL OF YOUR RIGHTS TO APPEAL THE SENTENCE
10 ITSELF.
11      SUCH WAIVERS ARE GENERALLY ENFORCEABLE, BUT IF YOU
12 BELIEVE THE WAIVER IS UNENFORCEABLE YOU CAN PRESENT THAT
13 THEORY TO THE APPELLATE COURT.
14      WITH FEW EXCEPTIONS, ANY NOTICE OF APPEAL MUST BE
15 FILED WITHIN TEN DAYS OF THE JUDGMENT BEING ENTERED ON THE
16 DOCKET IN YOUR CASE.
17      IF YOU'RE UNABLE TO PAY THE COSTS OF AN APPEAL, YOU
18 MAY APPLY FOR LEAVE TO APPEAL IN FORMA PAUPERIS.  IF YOU SO
19 REQUEST, THE CLERK OF COURT WILL PREPARE AND FILE A NOTICE OF
20 APPEAL ON YOUR BEHALF.
21      ANYTHING FURTHER, MR. SEVERO?
22      MR. SEVERO:  NO, YOUR HONOR, AND THERE WERE NO
23 VICTIMS.
24      THE COURT:  MR. HERRING, LET ME SEE YOU AT THE BENCH
25 JUST A SECOND, PLEASE.

May 14, 2008

Page 11

```
1          MR. HERRING:  YES, SIR.

2             (BENCH CONFERENCE WITH MR. HERRING NOT REPORTED.)

3          THE COURT:  ALL RIGHT.  WE'LL TAKE A RECESS UNTIL
4 1:00 P.M.

5      (WHEREUPON, THESE PROCEEDINGS CONCLUDED AT 10:30 A.M.)
```

         I CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE
TRANSCRIPT OF SAID PROCEEDINGS.

/s/ STACY SCHWINN                                    5/20/10
STACY SCHWINN, CCR, CVR                                 DATE

May 14, 2008