UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-136-01-F
No. 7:09-CV-66-F

| | |
|---|---|
| NOE MOLINA-BENITEZ, )<br>      Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | O R D E R |

Petitioner Noe Molina-Benitez ("Molina-Benitez") was sentenced on May 14, 2008, to a term of 150 months imprisonment, upon his plea of guilty to conspiracy to distribute, and distribution of, methamphetamine. *See* Amended Judgment [DE-20]. He did not appeal his sentence.

On April 24, 2009, Molina-Benitez filed a timely motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [DE-25], on grounds that his trial counsel was ineffective for failing to file a notice of appeal after having been directed to do so. On January 23, 2010, the undersigned entered an order [DE-35] denying the Government's motion to dismiss the § 2255 motion, and scheduling an evidentiary hearing. Counsel was appointed to represent Molina-Benitez at the evidentiary hearing. However, on March 24, 2010, the Government moved the court to vacate Molina-Benitez's prior judgment in order that he could note an appeal pursuant to FED. R. APP. P. 4(b). The court allowed that request, and enabled Molina-Benitez a new opportunity to notice a direct appeal.

The Fourth Circuit Court of Appeals entertained the appeal as timely filed, and appellate counsel filed an *Anders* brief on behalf of Molina-Benitez. Although Molina-Benitiz was informed of his right to file a pro se supplemental brief, he did not do so.

The appellate court "thoroughly reviewed the record and conclude[d] that Benitez knowingly and intelligently entered into the plea agreement and that the agreement waived Benitez's right to appeal his sentence under the circumstances presented." *See United States v. Molina Benitez*, No. 10-4366 (4th Cir. Feb. 8, 2011). Molina-Benitez's conviction was affirmed and the appeal of his sentence was dismissed upon the Government's motion, based on the valid appeal waiver.

On March 18, 2011, Molina-Benitez filed the instant motion, entitled, "Motion to Reinstate or Reopen and Supplement 28 U.S.C. § 2255 Memorandum of Law." *See* [DE-55]. In support of that motion, Molina-Benitez invites the undersigned to review the entire record and find that his sentence was unreasonable because his trial counsel's performance was constitutionally deficient under the Sixth Amendment. Specifically, Molina-Benitez contends that his sentence is procedurally unreasonable because the court failed to state its rationale therefor, and that the sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). He alleges the court implied that a guidelines sentence was in of itself reasonable with no explanation. Molina-Benitez seeks an evidentiary hearing and discovery in order to flesh out his position, noting that he may require the testimony of Assistant United States Attorneys who prosecuted his case and of the attorneys who were appointed to represent him.

The Clerk of Court assigned to the instant motion the same civil number assigned to Molina-Benitez's original § 2255 motion [DE-25], filed in April 2009. However, Molina-Benitez already has received the relief he sought in that § 2255 motion. That is, in lieu of an evidentiary hearing on his allegations that his trial lawyers' ineffectiveness cost him the chance to appeal, the court allowed the Government's motion just to give him the relief he sought — a chance to file a timely appeal. To accomplish that, the Judgment entered on May 14, 2008 [DE-20] was vacated and immediately re-entered in order to "re-set" the appeal clock. Molina-Benitez took advantage of his opportunity to file a timely notice of appeal. The appellate court entertained

2

his direct appeal, affirming his conviction and dismissing his arguments regarding his sentence as subject to his valid appeal waiver.

Even if the instant motion does not amount to a successive § 2255 motion, it contains no factual allegations that plead a violation of his constitutional rights. Rather, he contends summarily that the drug weight attributed to him was unsupported by the evidence, and that his 150-month sentence otherwise is unreasonable because it is greater than necessary to accomplish the goals of §3553(a). In fact, the record belies Molina-Benitez's allegations. The transcript of his sentencing hearing reflects that his trial counsel presented a detailed argument why the sentence imposed should be *below* the top of the advisory guideline range, which was 168 months. Counsel withdrew the written objections to the Presentence Report, and Molina-Benitez declined the court's invitation to lodge specific objections of his own, *see* Transcript of Sentencing Hearing [DE-49], p. 5. He apologized to the court, explaining that he just had needed to buy medicine, *see id.* at p. 6.

Based on a preponderance of the evidence at sentencing, the court adopted the recommended findings contained in the Presentence Report, which included accountability for 474.6 grams of actual methamphetamine and two ounces of powder cocaine purchased from Molina-Benitez by a cooperating witness, and evidence that during some of the drug transactions, Molina-Benitez's child had been present. Molina-Benitez did not offer any evidence. The court imposed a sentence of 150 months imprisonment on each of the two counts of conviction, ordering that they run concurrently. The court "imposed a sentence at mid-range as there is no mitigating or aggravating circumstances dictating a change therein." Transcript of Sentencing Hearing [DE-49], at p. 9.

The court has reviewed the record in this case, including the transcripts of Molina-Benitez's arraignment and sentencing hearings, his prior § 2255 motion, the appellate court's opinion, and the allegations set forth in the instant motion. Molina-Benitez has not drawn the

3

court's attention to any legal or factual matter suggesting he was sentenced to 150 months imprisonment because his trial counsel rendered ineffective assistance.

As the court noted in its prior order, Molina-Benitez's ineffective assistance of counsel claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. There are two "prongs" to an ineffective assistance claim: first, the petitioner must demonstrate that counsel's performance was deficient, and, second, the petitioner must demonstrate that he was prejudiced by his attorney's conduct. *See id.* at 687. If a petitioner fails to satisfy either of these prongs, the court need not consider the other.

In order to satisfy the first prong – deficient performance – a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Under this standard, an attorney's competence is presumed; "the [petitioner] must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (internal citations omitted). The instant motion contains no allegations to support such a proposition. Rather, Molina-Benitez's motion contains only bare conclusions and citations to cases that address the legal standard on direct appeal for reviewing the sufficiency of a sentence. *E.g., United States v. Gall*, 552 U.S. 38 (2007), *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009).

Accordingly, assuming the motion properly is before the court for initial review pursuant to Rule 4(b), RULES GOVERNING § 2255 PROCEEDINGS, the court finds that "it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief," on the grounds he has stated. Therefore, while Molina-Benitez's

4

Case 7:07-cr-00136-F   Document 56   Filed 03/23/11   Page 4 of 5

"Motion to Reinstate" [DE-55] is timely insofar as it was filed within one year of his conviction becoming final under § 2255, it contains no allegations supporting an entitlement to relief from his sentence. The Motion to Reinstate [DE-55] is DENIED, and this action is DISMISSED.

SO ORDERED.

This, the ~22nd~ day of March, 2011.

JAMES C. FOX
Senior United States District Judge